09-3061-ag
Li v. Holder

BIA
Mulligan, IJ
A097 452 013

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand ten.

PRESENT:
BARRINGTON D. PARKER,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
*Circuit Judges*.

_____

ZU YING LI,
*Petitioner*,

v.                                          09-3061-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:        Henry Zhang, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Cindy S.
                       Ferrier, Senior Litigation Counsel;
                       Nairi M. Simonian, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zu Ying Li, a native and citizen of the People's Republic of China, seeks review of a June 18, 2009, order of the BIA, affirming the September 6, 2007, decision of Immigration Judge ("IJ") Thomas Mulligan that denied his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zu Ying Li, a.k.a. Li Zuying*, No. A097 452 013 (B.I.A. June 18, 2009), *aff'g* No. A097 452 013 (Immig. Ct. N.Y. City Sept. 6, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and the IJ's decisions. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. *See id.* at 95. That

determination was based on: (1) Li's demeanor; (2) inconsistencies between Li's testimony and the documents in the record regarding the date on which he was allegedly divorced from his wife; (3) inconsistencies between Li's testimony and an affidavit purportedly from his ex-wife regarding the number of times they were fined for their violation of the family planning policy and the amount of those fines; and (4) a lack of record support for Li's assertion that the Chinese government continues to look for him. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003), *superseded by statute,* Section 101(a)(3) of the REAL ID Act, 8 U.S.C. § 1158(b)(1)(B)(iii), *as recognized in Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165 (2d. Cir. 2008). The agency did not err in declining to credit the explanations Li offered for these discrepancies. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d. Cir. 2005).

Because the only evidence of a threat to Li's life or freedom depended on his credibility, the agency's adverse credibility determination was fatal to his application for withholding of removal and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 - 57 (2d Cir. 2006). Having found no error in the agency's credibility determination, we

3

need not reach its alternative burden of proof finding.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk